UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

CASE NO.: 1:25-cv-05330

AJAY SURESH,

                Plaintiff,

v.

FINE ART BROKERS (USA) LTD.,

                Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

    Plaintiff AJAY SURESH by and through his undersigned counsel, brings this Complaint against Defendant FINE ART BROKERS (USA) LTD. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

    1.    Plaintiff AJAY SURESH ("Suresh") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Suresh's original copyrighted Work of authorship.

    2.    Suresh is an experienced photographer, who has been capturing street and travel photographs for many years. Suresh creates photographs with the intention of capturing artistic moments and offering licenses of those photographs to third-parties.

    3.    Defendant FINE ART BROKERS (USA) LTD. ("FAB") is an art advisory and art brokerage firm founded by Raymond Waterhouse. FAB offers expert advise to artists whose works range from $20,000 to $20 million. At all times relevant herein, FAB owned and operated

the internet website located at the URL https://www.fineartbrokers.com/ (the "Website") and the Instagram Account located at https://www.instagram.com/fine_art_brokers/ (the "Instagram Account").

4. Suresh alleges that FAB copied Suresh's copyrighted Work from the internet in order to advertise, market and promote its business activities. FAB committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of FAB's art business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. FAB is subject to personal jurisdiction in New York.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, FAB engaged in infringement in this district, FAB resides in this district, and FAB is subject to personal jurisdiction in this district.

## DEFENDANT

9. Fine Art Brokers (USA) Ltd. is a Domestic Business Corporation, with its principal place of business at 15 East 76th Street, New York, NY, 10021, and can be served by serving its Registered Agent, Raymond Waterhouse at 99 Walworth Avenue, Scarsdale, NY 10583.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2019, Suresh created the photograph entitled "MET Breuer," which is shown below and referred to herein as the "Work".



11.     Suresh registered the Work with the Register of Copyrights on July 29, 2019 as part of a group registration. The Group Registration was assigned registration number VA 2-164-937. The Certificate of Registration is attached hereto as **Exhibit 1**.

12.     Suresh published the Work on July 26, 2019, by displaying it on his Flickr page at https://www.flickr.com/photos/83136374@N05/48377070386 (the "Flickr Page"). At the time he published the Work on the Flickr Page and at all times thereafter, Suresh offered usage rights to the public through the Creative Commons CC BY 2.0 license (the "CC License"), which allowed the public to share and adapt the Work provided that appropriate attribution was made, including appropriate credit to Suresh, a link to the license, and a statement of whether any changes were made to the Work.[1]

---

[1] https://creativecommons.org/licenses/by/2.0/deed.en

13. Suresh's display of the Work on the Flickr Page also included copyright management information ("CMI") next to the Work in the form of Suresh's name, copyright notice, and the link to the licensing terms (collectively the "Attributions").

14. Suresh's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

15. At all relevant times Suresh was the owner of the copyrighted Work.

## INFRINGEMENT BY FAB

16. FAB has never been licensed to use the Work for any purpose.

17. On a date after the Work was created, but prior to the filing of this action, FAB copied the Work.

18. On or about August 06, 2023, Suresh discovered the unauthorized use of his Work on the Instagram Account.

19. FAB copied Suresh's copyrighted Work without Suresh's permission or authority.

20. After FAB copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its art business.

21. FAB copied and distributed Suresh's copyrighted Work in connection with its business for purposes of advertising and promoting FAB's business, and in the course and scope of advertising and selling products and services.

22. FAB committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23. Suresh never gave FAB permission or authority to copy, distribute or display the Work at issue in this case.

24. Suresh notified FAB of the allegations set forth herein on June 04, 2024. To date, the parties have failed to resolve this matter.

25. When FAB copied and displayed the Work at issue in this case, FAB failed to provide attribution as required by the CC 2.0 license.

26. FAB's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of copyright management information.

27. Suresh never gave FAB permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

28. Suresh incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Suresh owns a valid copyright in the Work at issue in this case.

30. Suresh registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. FAB copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Suresh's authorization in violation of 17 U.S.C. § 501.

32. FAB performed the acts alleged in the course and scope of its business activities.

33. FAB's acts were willful.

34. Suresh has been damaged.

35. The harm caused to Suresh has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

36. Suresh incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. As owner and operator of the Instagram Account, FAB has the authority to review, supervise, and regulate the content and materials that are present on the Instagram Account.

38. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work for purposes of selling products and services.

39. FAB had a direct financial interest in the infringing material because it derives profits from its art business.

40. Despite having the ability to stop the infringed Work from being displayed on the Instagram Account, FAB allowed the material to remain up for display purposes of generating business for FAB.

41. To the extent that the actions described above were performed by the third party alone, FAB is vicariously liable for the unauthorized copying, display, distribution and creation of derivative works of the Work described above.

42. Suresh has been damaged.

43. The harm caused to Suresh has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

44. Suresh incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

45. The Work at issue in this case contains copyright management information ("CMI").

46. FAB knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

47. FAB committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Suresh's rights in the Work at issue in this action protected under the Copyright Act.

48. FAB caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Suresh's rights in the Work at issue in this action protected under the Copyright Act.

49. Suresh has been damaged.

50. The harm caused to Suresh has been irreparable.

WHEREFORE, the Plaintiff AJAY SURESH prays for judgment against the Defendant FINE ART BROKERS (USA) LIMITED that:

  a. FAB and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

  b. FAB be required to pay Suresh his actual damages and FAB's profits attributable to the infringement, or, at Suresh's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

  c. Suresh be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

  d. Suresh be awarded pre- and post-judgment interest; and

  e. Suresh be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Suresh hereby demands a trial by jury of all issues so triable.

Dated: June 26, 2025      Respectfully submitted,

            */s/ Rebecca A. Kornhauser*
            REBECCA A. KORNHAUSER
            Bar Number: 6174387
            rebecca.kornhauser@sriplaw.com
            JOSEPH A. DUNNE
            Bar Number: 4831277
            joseph.dunne@sriplaw.com
            JORDAN I. ABISROR
            Bar Number: 6139190 jordan.abisror@sriplaw.com

            **SRIPLAW, P. A.**
            41 Madison Avenue
            25th Floor
            New York, New York 10010
            646.517.3534 – Telephone
            561.404.4353 – Facsimile

            *Counsel for Plaintiff Ajay Suresh*